ALICE W. ALLEN *v.* JOEL W. HARRIS et als.

SUPREME COURT. *Application for a receiver.* An application to this Court for a receiver, based upon the same facts on which the Chancellor had refused a similar application, cannot be entertained.

---

FROM LINCOLN.

---

Appeal from Chancery Court of Lincoln County. JOHN W. BURTON, Ch.

LAMB & TILMAN for Allen.

J. W. NEWMAN for Harris.

Motion to appoint receiver.

COOPER, J., delivered the opinion of the Court.

The defendants, Harris and Alexander, claim the house and lot in controversy, under a deed executed on February 26, 1875, by E. L. Allen and Alice W., his wife, reciting a consideration of $2,000. On the same day, Harris and Alexander agreed in writing that Allen and wife, or either of them, might repurchase the property within eighteen months by the payment of the purchase price, with interest, taxes and insurance.

After the expiration of the time specified, Harris and Alexander brought ejectment for the land.

Allen *v.* Harris.

Pending the action, on the 7th of March, 1877, Allen died, leaving his wife and three children surviving.

This bill was filed by the widow against Harris, Alexander and the children, to enjoin the prosecution of the ejectment, and claiming dower and homestead in the lot, upon the ground that the conveyance of February 26th, 1875, was only a mortgage, and did not purport to convey the homestead

On the hearing, the Chancellor was of opinion that complainant was not entitled to the relief sought, and decreed accordingly. The complainant prayed an appeal, which was granted.

On the day before the appeal was perfected, Harris and Alexander filed a petition sworn to by one of their solicitors, asking for the appointment of a receiver of the property in dispute, upon the allegations that the complainant was insolvent, and was not in the actual occupation of the property, but only receiving the rents from a tenant. It was added that petitioners did not "believe the property worth the amount of money already paid by them for it."

The Chancellor refused the application, and from his order to that effect the petitioners appealed.

If the present application is to be considered as a mode of asking the Court to revise the action of the Court below in refusing to appoint a receiver, it cannot be entertained.

A party is entitled to only one hearing on an appeal: *Hume* v. *Commercial Bank*, 1 Lea, 220. We cannot undertake to act separately upon each error which the Court below may be supposed to have committed: *Scoggins* v. *Cowden*, 1 Lea, 134. The ruling of the Chancellor can only be revised when the cause comes to be heard upon the appeal.

If the application is intended to be a new one, without reference to the action of the Chancellor, there is nothing to support it except what may appear in the record, and to act upon that would be to try the case and revise the action of the Chancellor. A new affidavit repeating the facts stated in the affidavit below would not change the result, and an affidavit of new facts which have since occurred would be to require us to exercise original, not appellate jurisdiction.

The application must be disallowed.